## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

JOHN MICHAEL PATRICK,                          CASE NO. 09-03107-8-____

                                               CHAPTER 13

      DEBTOR

### DEBTOR'S MOTION FOR SANCTIONS

COMES NOW the debtor, by and through undersigned counsel, pursuant to 11 U.S.C. §§ 105(a) and 524(a)(2) and respectfully moves the Court for the entry of an Order holding Jerri N. Patrick a/k/a Jerri N. Brake (hereinafter "creditor") in contempt and awarding sanctions in the form of damages, attorney's fees, and costs against the creditor, and shows the following:

1.     The debtor filed a voluntary Chapter 13 Petition on April 17, 2009 and scheduled Jerri N. Patrick as a creditor. A copy of Schedule F and a copy of the mailing matrix from the case are attached hereto as <u>Exhibit A</u> for reference. The creditor further participated in the case by filing Court Claim #4 herein.

2.     The debtor objected to the creditor's claim on May 27, 2009. A copy of the objection, which includes a copy of Court Claim #4, is attached hereto as <u>Exhibit B</u> for reference. The Court entered an Order on July 9, 2009 allowing the objection and reclassifying the creditor's claim as a general unsecured claim. A copy of the Order is attached hereto as <u>Exhibit C</u> for reference.

3.     The debtor completed his Chapter 13 plan and received his discharge order on September 8, 2010, and the case closed. The debtor's discharge extinguished his liability on any amounts associated with the creditor's Court Claim #4.

4.     Upon the debtor's motion, the Court reopened this case on April 25, 2014, so that the instant motion for sanctions could be filed.

5.     Since entry of the discharge order the creditor has willingly and knowingly violated the discharge injunction of 11 U.S.C. § 524. Despite knowing of the debtor's bankruptcy case, participating in the case, and being included on the mailing matrix of the case, on or around April 10, 2014, the creditor filed against the debtor an Application for Contempt Citation and Order to Show Cause in the Circuit Court of Greene County, Missouri, in case number 31104DR5640-01. A copy of the said Application is attached hereto as <u>Exhibit D</u> and is incorporated herein by reference.

6.      The creditor is pursuing payment on claims and amounts discharged through the debtor's bankruptcy case which constitutes a clear violation of the discharge injunction of § 524, and thus, sanctions are warranted.

7.      As of the date of this motion, counsel for the debtor has not been notified that the creditor has taken any steps to remedy her violation of the discharge injunction.

8.      The debtor has suffered damages because of the creditor's willful violation of the discharge injunction. Such damages include, but are not limited to, attorney's fees, lost time and energy for dealing with the creditor's actions, costs and expenses, emotional distress, and mental anguish over the need to defend against litigation related to a discharged claim.

9.      This Court has the authority to hold the creditor in contempt for violating 11 U.S.C. § 524 and to award appropriate sanctions against the creditor in the form of damages, attorney's fees, and costs. *See In re Kirkbride*, No. 08-00120-8-JRL, 2010 WL 4809334 (Bankr. E.D.N.C. Nov. 19, 2010) (citing *In re Cherry*, 247 B.R. 176, 187 (Bankr. E.D. Va. 2000); *In re Adams*, No. 04-003875-5-SWH, 2010 WL 2721205 (Bankr. E.D.N.C. July 7, 2010) *affirmed* No. 5:10-CV-340-BR (E.D.N.C. Jan. 24, 2011). The debtor is entitled to an award of damages, attorney's fees, and costs in an amount to be proven at hearing on this matter.

WHEREFORE, the debtor moves the Court to issue an Order (1) holding the creditor in contempt, (2) awarding damages, attorney's fees, and costs in an amount to be proven at hearing on this matter, (3) ordering that the creditor pay the amount of the damages within 14 days of the entry of an Order or be subject to the further sanction of $100.00 per day for each day that any award remains unpaid, and (4) for such other and further relief as the Court may deem just and proper.

Dated: May 1, 2014.

/s/Travis Sasser
Travis Sasser, N.C. Bar No. 26707
Attorney for Debtor
2000 Regency Parkway, Suite 230
Cary, N.C. 27518
Tel: 919.319.7400
Fax: 919.657.7400
tsasser@carybankruptcy.com

Label Matrix for local noticing
0417-8
Case 09-03107-8-JRL
Eastern District of North Carolina
Wilson
Sat Apr 19 08:24:10 EDT 2014

ECMC
P.O. Box 75906
St. Paul, MN 55175-0906

MOHELA
633 spirit drive
chesterfield, MO 63005-1243

U. S. Bankruptcy Court
1760 A Parkwood Blvd.
Wilson, NC 27893-3588

American Education Services
1200 N. Seventh St. Attn:DDB Tm/2nd Flr.
Harrisburg, PA 17102-1444

American Education Services
Attn: Managing Agent
Post Office Box 8183
Harrisburg, PA 17105-8183

Arrow Financial Services
Attn: Managing Agent
5996 W. Touhy Avenue
Niles, IL 60714-4610

Asset Acceptance LLC
Attn: Managing agent
Post Office Box 2036
Warren, MI 48090-2036

Asset Acceptance LLC
Po Box 2036
Warren MI 48090-2036

Bank of America
Attn: Managing Agent
PO Box 15726
Wilmington, DE 19886-5726

CHASE AUTO FINANCE
AZ1-1191
201 N CENTRAL AVE
PHOENIX AZ 85004-1071

Chase Auto Finance
Attn: Managing Agent
14800 Frye Road
Fort Worth, TX 76155-2732

Citgo/ Citibank
Attn: Managing Agent
Post Office Box 6003
Hagerstown, MD 21747-6003

GEMBPPBYCR
Attn: Managing Agent
PO Box 981064
El Paso, TX 79998-1064

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Jeffrey M. Davis
Hunter, Higgins, Miles
101 West Friendly Ave., Suite 500
Greensboro, NC 27401-2521

Jerri N. Patrick
4791 West University Street
Springfield, MO 65802-5815

Jerri N. Patrick
PO Box 40
Marrionville, MO 65705-0040

Jerri N. Patrick
c/o Jeffrey M. Davis
PO Box 20570
Greensboro NC 27420-0570

NC Department of Revenue
Attn: Angela C. Fountain, BK MGR.
Post Office Box 1168
Raleigh, NC 27602-1168

NORTH STAR CAPITAL ACQUISITIONS LLC
c o Jefferson Capital Systems LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Nextcard
Attn: Managing Agent
Post Office Box 922788
Norcross, GA 30010-2788

WFS Financial Services
Attn: Managing Agent
Post Office Box 19657
Irvine, CA 92623-9657

Wachovia Dealer Services
Attn: Managing Agent
Post Office Bos 25341
Santa Ana, CA 92799-5341

Wells Fargo Financial
Attn: Managing Agent
Post Office Box 98796
Las Vegas, NV 89193-8796

Zenith Acquisition
Attn: Managing Agent
Post Office Box 47790
Oak Park, MI 48237-5490

John F. Logan
Office Of The Chapter 13 Trustee
PO Box 61039
Raleigh, NC 27661-1039

John Michael Patrick
8178 NC Highway 751
Durham, NC 27713-6856

Travis Sasser
2000 Regency Parkway, Suite 230
Cary, NC 27518-8508


EXHIBIT
A

B6F (Official Form 6F) (12/07) - Cont.

In re    **John Michael Patrick**                                                    Case No. __**09-03107-8-ATS**__
                                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 37484414 <br><br>Asset Acceptance LLC<br>Attn: Managing agent<br>Post Office Box 2036<br>Warren, MI 48090-2036 | | - | June 2008<br>Account | | | | 12,567.00 |
| Account No. <br><br>Chase Auto Finance<br>Attn: Managing Agent<br>14800 Frye Road<br>Fort Worth, TX 76155 | | - | Repo deficiency | | | | Unknown |
| Account No. <br><br>GEMBPPBYCR<br>Attn: Managing Agent<br>PO Box 981064<br>El Paso, TX 79998 | | - | July 2005<br>Account | | | | 136.00 |
| Account No. 09 CVS 002765 <br><br>Jerri N. Patrick<br>4791 West University Street<br>Springfield, MO | | - | Judgment | | | | 35,475.95 |
| Account No. 425498310074 <br><br>Nextcard<br>Attn: Managing Agent<br>Post Office Box 922788<br>Norcross, GA 30010-2788 | | - | August 2001<br>Credit card | | | | 2,636.00 |

Sheet no. __1__ of __2__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          **50,814.95**

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                     Best Case Bankruptcy

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA

IN RE: JOHN MICHAEL PATRICK          CASE NO. 09-03107-8-ATS
     DEBTOR                                CHAPTER 13

### OBJECTION TO CLAIM

Now comes the debtor by and through counsel and objects to Chapter 13 Trustee claim # 1 [Court claim # 4] filed by Jerri N. Patrick in the amount of $35,475.95 and shows as follows:

1. The debtor filed chapter 13 on April 17, 2009.

2. On or about May 21, 2009, Jerri N. Patrick filed a proof of claim claiming indebtedness of $35,475.92 and priority treatment pursuant to 11 USC 507(a)(1). (See attached exhibit A).

3. The claim of Jerri N. Patrick is not entitled to priority treatment pursuant to 11 USC 507(a)(1) and should be reclassified as a general unsecured claim. The claim relates to division of assets and debts rather than support.

WHEREFORE, debtor prays that said claim of Jerri N. Patrick be reclassified as a general unsecured claim and that he have such other and further relief as it just.

Dated: 5/27/09                          /s/ Travis Sasser
                                     Travis Sasser
                                     Attorney for debtor
                                     State Bar No. 26707
                                     875 Walnut Street, Suite 342
                                     Cary, North Carolina 27511
                                     Tel: 919.319.7400
                                     Fax: 919.657.7400
                                     tsasser@carybankruptcy.com



EXHIBIT
B

**A**

B10 (Official Form 10) (12/08)

| United States Bankruptcy Court - **Eastern District of North Carolina** | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>**John Michael Patrick** | Case Number:<br>**09-03107-8-ATS** |
|---|---|

*NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>**Jerri N. Patrick** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>**Jerri N. Patrick**<br>**c/o Jeffrey M. Davis**<br>**PO Box 20570**<br>**Greensboro, NC 27420**<br><br>Telephone number: **336-273-1600** | Court Claim Number: _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br>**Jerri N. Patrick**<br>**PO Box 40**<br>**Marionville, MO 65705**<br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:** $ **36,475.92**<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>■ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim.<br><br>■ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)<br><br>☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).<br><br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br><br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).<br><br>**Amount entitled to priority:**<br><br>$ **36,475.92**<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| **2. Basis for Claim:** _____<br>(See instruction #2 on reverse side.) | |
| **3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other<br>Describe:<br><br>Value of Property:$ _____ Annual Interest Rate _____<br><br>Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ _____ Basis for perfection: _____<br><br>Amount of Secured Claim: $ _____ Amount Unsecured: $ _____ | |

| | |
|---|---|
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | FOR COURT USE ONLY |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | |
| Date:<br><br>**May 21, 2009** | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*[signature]*<br><br>Jennifer F. Adams | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## CLERK'S CERTIFICATE OF TRUE COPY

STATE OF MISSOURI     )          104DR5640

                        )   ss

COUNTY OF GREENE    )

       I, Steve Helms, Clerk of the Circuit Court Divisions within and for the County and

State aforesaid, do hereby certify that the foregoing instrument is a full, true and complete copy of

**Judgment and Decree Modifying Judgment and Decree of Dissolution of Marriage** :as requested by the at

Petitioner.

In the case wherein Jerri N. Patrick, Petitioner,

and John M. Patrick, Respondent as fully as the same appears of record in my office.

       IN TESTIMONY WHEREOF, I have hereunto set my hand as Clerk of the Circuit Court

Divisions and affixed the official seal hereto.      Done at my office in the city of Springfield, Missouri, this

the 23rd day of February, 2009.

                                         Steve Helms

                           Clerk of Circuit Court Divisions

          Seal

                    By   _____ D.C.

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

In Re: The Marriage of:               )
JERRI N. PATRICK and                  )
JOHN M. PATRICK                       )
                                      )
JERRI N. PATRICK,                     )
                                      )
                    Petitioner.       )
                                      )
vs.                                   )          Case No.  104DR5640
                                      )
JOHN M. PATRICK,                      )
                                      )
                    Respondent.       )
                                      )

## JUDGMENT AND DECREE MODIFYING
## JUDGMENT AND DECREE OF DISSOULTION OF MARRIAGE

On the 4th day of December, 2006, comes the Petitioner, Jerri N. Patrick, in person and by her attorney, John S. Pratt, the minor child by Guardian Ad Litem, Paul R. Shackelford and the Respondent, John M. Patrick, appears not.  The Court, having heard the evidence and having been fully apprised of the circumstances herein concerning custody, visitation and support, makes the following findings and enters the following orders.

The Court finds that Petitioner's social security number is 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 and that Respondent's social security number is 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.  Petitioner resides at 4791 W. University Ave., Springfield, Missouri, and Respondent last known residence was 1306 W. Parkview, Ozark, Missouri.  Petitioner is employed at Fosschuck Incorporated, 3512 National Ave., Springfield, Missouri, and Respondent's employment is unknown.

The Court finds that on December 2, 2005, the original Judgment and Decree of Dissolution was entered by the Circuit Court of Greene County, Missouri dissolving the marriage of the parties; in connection therewith, there was one child born of the marriage, Cody Michael Patrick, born

March 15, 2001, Social Security Number 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.

On January 31, 2006, Petitioner filed a Petition for Modification, wherein Petitioner sought a change in custody.

On February 24, 2006, Respondent filed a Counter Motion for Modification of Judgment and Decree of Dissolution of Marriage, wherein Respondent sought a change of custody, visitation and support.

On August 23, 2006, Respondent was found in contempt of the Court's Judgment dated December 2, 2005.

On October 17, 2006, a Warrant of Commitment for Respondent was issued by the Greene County Circuit Court.

The issues raised in Respondent's Counter Motion for Modification of Judgment are found against Respondent. The issues raised in Petitioner's Petition for Modification are found in favor of Petitioner. The Court dismisses Respondent's Counter Motion for Modification of Judgment because Respondent fails to appear, fails to present evidence, failed to pay child support, has failed to pay the money judgment to Petitioner and has failed to pay the Guardian ad Litem fees awarded.

The Court finds that a substantial and continuing change of circumstances has occurred since the original Judgment and Decree of Dissolution was entered. The Court finds that modification is in the best interest of the minor child and that to award Respondent any visitation or contact of any kind with the minor child will endanger the minor child's physical health or impair his emotional development. The Court finds that it is in the best interest of the minor child that custody, visitation, and support be modified as set forth in the attached Amended Parenting Plan.

The Court finds that the Amended Parenting Plan, marked as Exhibit 1, is in the best interests of the minor child, and specifically approves the Amended Parenting Plan and incorporates

it as if fully set forth herein, and orders the parties to comply with the same.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that Petitioner shall have sole legal and sole physical custody of the said minor child. Respondent shall have no contact or visitation of any kind. Respondent shall not be entitled to any school, medical, dental or health related records of the minor child.

In making this decision, this Court has considered the provisions of §452.375 as follows:

5. Prior to awarding the appropriate custody arrangement in the best interest of the child, the court shall consider each of the following as follows:

(1) "Custody" means joint legal custody, sole legal custody, joint physical custody or sole physical custody or any combination thereof;

(2) "Joint legal custody" means that the parents share the decision-making rights, responsibilities, and authority relating to the health, education and welfare of the child, and, unless allocated, apportioned, or decreed, the parents shall confer with one another in the exercise of decision-making rights, responsibilities, and authority;

(3) "Joint physical custody" means an order awarding each of the parents significant, but not necessarily equal, periods of time during which a child resides with or is under the care and supervision of each of the parents. Joint physical custody shall be shared by the parents in such a way as to assure the child of frequent, continuing and meaningful contact with both parents;

(4) "Third-party custody" means a third party designated as a legal and physical custodian pursuant to subdivision (5) of subsection 5 of this section.

2. The Court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors including:

(1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;

(2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;

(3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;

(4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;

3

(5) The child's adjustment to the child's home, school, and community;

(6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. If the court finds that a pattern of domestic violence has occurred, and, if the court also finds that awarding custody to the abusive parent is in the best interest of the child, then the court shall enter written findings of fact and conclusions of law. Custody and visitation rights shall be ordered in a manner that best protects the child and any other child or children for whom the parent has custodial or visitation rights, and the parent or other family or household member who is the victim of domestic violence from any further harm;

(7) The intention of either parent to relocate the principal residence of the child; and

(8) The wishes of a child as to the child's custodian.

With regard to the determination to award Petitioner sole legal and sole physical custody and for the order finding that Respondent shall have no visitation and no contact with the minor child the Court finds as follows:

(a)    The Respondent has made multiple threats to kill Petitioner and her attorney;

(b)    The Respondent has acted in a bizarre and threatening manner toward the Petitioner;

(c)    That on two occasions, Respondent failed to pick up the minor child as agreed to by the parties and left the minor child at school without transportation or anyway to go home, thereby causing the school authorities to call Petitioner at work to make arrangements for her to pick up the minor child;

(d)    The Respondent has verbally abused the minor child, yelled at him, threatened him, and brought him back from visitation within minutes of picking him up for visitation, thereby causing the minor child great emotional turmoil, causing him to cry, be upset and be unable to sleep;

(e)    That Respondent has said stressful, harmful, obscene and degrading things to Cody and to the Petitioner in the presence of Cody, including calling Petitioner a "cunt",

"bitch" and "trailer trash" in the presence of Cody;

(f)     The Respondent has encouraged Cody to drink beer;

(g)     That the Respondent has significant anger management problems which he has failed to address or otherwise control;

(h)     That the Respondent was found in contempt of the Court's orders on August 23, 2006, regarding payment of monies due to Petitioner and a Warrant of Commitment was issued by the Family Court Judge of Greene County on October 17, 2006;

(i)     That Respondent is no longer employed at a location known to Petitioner;

(j)     That Respondent has moved from locations known to Petitioner and refuses to divulge his new residence or address to Petitioner;

(k)     That Petitioner reasonably believes the Respondent intends to kidnap and conceal the minor child from her and the Court finds such belief to be reasonable and based on credible evidence;

(l)     The Court finds Respondent has shown a complete indifference to the Orders of this Court in that he has continually and willfully disobeyed the orders of this Court with regard to promptly attending the "Co-Parenting without Conflict" Course ordered by the Court on March 2, 2006, with regard to the payment of Guardian ad Litem fees dated October 17, 2006 and with regard to the regular payment of monies due to Petitioner as set forth in the Judgment of Contempt dated August 23, 2006.

(m)     The parties are unable to effectively communicate regarding the minor child because of Respondents threats to Petitioner and those matters set forth above.

5

## CONCULSION

The Court Orders, Adjudges, and Decrees that because of the foregoing the Court finds pursuant to RSMo. 452.400, that to award Respondent visitation would endanger the child's physical health or impair his emotional development the sheriff or other law enforcement officer shall enforce the parties' custody and visitation rights set forth herein and in the Parenting Plan.

The Court finds that the presumed correct child support amount as calculated by the Petitioner pursuant to section 452.340.8, RSMo 1994, Supreme Court Rule 88.01, and Civil Procedure Form No. 14 is $874.00 per month; and, that after consideration of all relevant factors pursuant to section 452.340.8 and Rule 88.01, is not rebutted as being unjust or inappropriate; and that after consideration of all relevant factors pursuant to section 452.340.1, RSMo. 1994, and Rule 88.01, the reasonable and necessary child support amount is $874.00 per month.

The Court orders that child support shall be modified so that Respondent shall pay the sum of $874.00 per month as and for child support for the said minor child, with the first payment to be due on the first day of January, 2007, and on the same date of each and every month thereafter. Support payments shall be paid to the Family Support Payment Center, P.O. Box 109002, Jefferson City, Missouri 65110-9002, as trustee.

Absent exigent circumstances as determined by a court with jurisdiction, you, as a party to this action, are ordered to notify, in writing by certified mail, return receipt requested, and at least sixty days prior to the proposed relocation, each party to this action or any proposed relocation of the principal residence of the child, including the following information:

(a)    The intended new residence, including the specific address and mailing address, if known, and if not known, the city;

(b)    The home telephone number of the new residence, if known;

6

( c )    The date of the intended move or proposed relocation

(d)    A brief statement of the specific reason for the proposed relocation of the child and;

(e)    A proposal for a revised schedule of custody or visitation with the child.

The obligation to provide this information to each party continues as long either or any other party by virtue of this order is entitled to custody of a child covered by this order. Failure to obey the order of this court regarding the proposed relocation may result in further litigation to enforce such order, including contempt of court. In addition, your failure to notify a party of a relocation of the child may be considered in a proceeding to modify custody or visitation with the child. Reasonable costs and attorney fees may be assessed against you if you fail to give the required notice.

The Court has considered RSMo. 452.377 regarding "relocation of children" and finds that exceptional circumstances exist which cause this Court to waive the notice requirement set forth above so as to protect the health or safety of the minor child and the Petitioner. Therefore, Petitioner shall not be required to comply with the relocation provisions of RSMo.452.377 on any relocation made with the minor child.

It is the Court's Order that prior to consideration of any future modification filed by Respondent, that Respondent undergo a full psychological evaluation, an alcohol and drug test, assessment and counseling, and an anger management assessment and counseling.

The Court finds the evidence reveals physical danger to Petitioner from Respondent, a pattern of domestic abuse and credible threats by Respondent of physical violence to Petitioner and her attorney. The Court further finds the behavior of Respondent is bizarre and unpredictable that Respondent has no concern for the words he has directed toward Petitioner in the presence of the minor child.

In order for each child to remain eligible to receive child support, Missouri Statute Section 452.340 RSMo. requires that the parent ordered to pay child support be provided that certain information as set forth in said statute. A copy of section 452.340 RSMo. is attached.

IT IS ORDERED, ADJUDGED AND DECREED that these orders are effective as of this date and that each and every other provision of the original Judgment and Decree of Dissolution of Marriage, not specifically addressed herein, shall remain in full force and effect.

Petitioner is awarded her attorney fees and the Court enters Judgment in favor of Petitioner and against Respondent in the amount of $6,188.99.

Guardian ad Litem, Paul Shackleford, shall be awarded $500.00 as and for fees, to be paid from County funds.

Respondent shall pay the court costs.

### RECOMMENDATIONS

Having considered all of the above in addition to all other relevant evidence, the Court recommends that the Judgment and Decree of Modification of Judgment and Decree of Dissolution of Marriage be entered as set forth below.

_____
Date    8 Dec 06

_____
Commissioner Winston G. Davis

### JUDGMENT

The above Judgment and Decree of Modification of Judgment and Decree of Dissolution of Marriage is hereby adopted and is entered as the final Judgment of this Court this date.

_____
Date    12-14-06

_____
Greene County Circuit Court Judge

8

## CLERK'S CERTIFICATE OF TRUE COPY

STATE OF MISSOURI     )
                         ) ss           104DR5640

COUNTY OF GREENE    )

       I, Steve Helms, Clerk of the Circuit Court Divisions within and for the County and

State aforesaid, do hereby certify that the foregoing instrument is a full, true and complete copy of

Warrant and Order of Commitment :as requested by the at Petitioner.

In the case wherein Jerri N. Patrick, Petitioner,

and John M. Patrick, Respondent as fully as the same appears of record in my office.

      IN TESTIMONY WHEREOF, I have hereunto set my hand as Clerk of the Circuit Court

Divisions and affixed the official seal hereto.       Done at my office in the city of Springfield, Missouri, this

the 23rd day of February, 2009.

                                             Steve Helms
                                Clerk of Circuit Court Divisions

        Seal

                        By _____ D.C.

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI
### FAMILY COURT DIVISION

In Re: The Marriage of:           )
JERRI N. PATRICK and         )
JOHN M. PATRICK            )
                                )
JERRI N. PATRICK,          )
SSN: 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           )
                                )
       Petitioner.         )
                                )
vs.                          )     Case No.  104DR5640
                                )
JOHN M. PATRICK,        )
SSN: 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         )
                                )
       Respondent.      )

### WARRANT AND ORDER OF COMMITMENT

TO:   *THE SHERIFF OF GREENE COUNTY, MISSOURI:*

NOW, THEREFORE, in obedience to the Judgment of Civil Contempt made and entered on August 22, 2006 after a Show Cause Order was issued in this cause and after a full hearing and considering the motion, affidavit, Show Cause Order and evidence presented, the Court found the Respondent John M. Patrick was ORDERED to pay Petitioner Jeri N. Patrick the sum of $26,278.18 within 15 days after August 22, 2006, by a prior Judgment and Order of this Court entered on December 2, 2005 and that said Order remains in full force to this date, and that Respondent had notice and knowledge of said Court Order, that he has not complied as ORDERED by the Court.

The Court further found that Respondent has presented no facts that should excuse his non-compliance or prove an inability to comply with said Order to Show Cause, and that he has willfully, intentionally, and contumaciously disobeyed this Court

Order. Respondent is in civil contempt of the Court Order rendered on December 2, 2005.

NOW, THEREFORE, you are commanded to take into your custody Respondent, John M. Patrick, and commit him to the Greene County Jail and confine him, and there he is to remain until he purges himself of the contempt herein found by paying to Petitioner, Jeri N. Patrick, the amount of $26,278.18.

**SO ORDERED**

10-17-06
DATE

FAMILY COURT JUDGE

## CLERK'S CERTIFICATE OF TRUE COPY

STATE OF MISSOURI ) 104DR5640
) ss
COUNTY OF GREENE )

I, Steve Helms, Clerk of the Circuit Court Divisions within and for the County and State aforesaid, do hereby certify that the foregoing instrument is a full, true and complete copy of Findings and Recommendations of Family Court Commissioner Relating to Judgment of Contempt Against Respondent as requested by the at Petitioner.

In the case wherein Jerri N. Patrick, Petitioner,

and John M. Patrick, Respondent as fully as the same appears of record in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand as Clerk of the Circuit Court Divisions and affixed the official seal hereto.    Done at my office in the city of Springfield, Missouri, this the 23rd day of February, 2009.

Steve Helms
Clerk of Circuit Court Divisions

Seal

By _____ D.C.

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

In Re: The Marriage of:                           )
JERRI N. PATRICK and                              )
JOHN M. PATRICK                                   )
                                                  )
JERRI N. PATRICK,                                 )
                                                  )
                    Petitioner.                   )
                                                  )
vs.                                               )        Case No.  104DR56 **FILED**
                                                  )
JOHN M. PATRICK,                                  )
                                                  )        AUG 2 3 2006
                    Respondent.                   )
                                                           MICHAEL A. CARR, CIR. CLK.

**FINDINGS AND RECOMMENDATIONS OF FAMILY COURT COMMISSIONER**
**RELATING TO JUDGMENT OF CONTEMPT AGAINST RESPONDENT**

On July 31, 2006, this matter came before this Court for hearing on the Petitioner's Motion to

Enforce Judgment and Decree of Dissolution of Marriage and Motion for Contempt. Petitioner

appeared in person and with attorney, John S. Pratt. Respondent appeared in person with attorney,

Steven S. Meier. The Family Access Motion scheduled for this date is continued because the Guardian

ad Litem was not notified. Trial was held and evidence received. The Court took said matters under

advisement. The Court, having reviewed and considered the evidence presented on behalf of the parties,

now enters the following findings:

**FINDINGS**

1.  The Commissioner takes judicial notice of the entire file including the Judgment and Decree

of Dissolution entered on December 2, 2005, and Marital Settlement Agreement and Parenting Plan

incorporated and made part of the Judgment.

2.  The Court entered a Judgment and Decree of Dissolution of Marriage in the above matter on

December 2, 2005.

3.    That the Parenting Plan is incorporated in the Judgment and Decree of Dissolution of Marriage.

4.    That pursuant to the Parenting Plan Respondent (Father) was to pay one hundred percent (100%) of all health related expenses incurred on behalf of the minor child.

5.    That Petitioner has submitted her request to Respondent for reimbursement of such health expense incurred by the minor child, presently in the amount of five hundred ninety-six dollars and forty-five cents ($596.45). See Petitioner's Exhibit 3

6.    That Respondent has refused to reimburse Petitioner for the medical expenses of the minor child.

7.    That pursuant to the Judgment and Decree of Dissolution of Marriage, Respondent was to pay Petitioner the sum of $9,000.00 and $27,456.65, plus interest charges made by credit card and financial companies and attorney fees as assessed by the credit card companies or their assignees. This was to be paid within sixty (60) days of entry of the Judgment.

8.    That Respondent has paid Petitioner a total of $15,000.00 against the amount referenced in the preceding paragraph.

9.    Petitioner's Exhibit 4 reflects credit card interest charges in the amount of $925.08. These interest charges are through June 26, 2006 on the Bank One/Chase account and July 13, 2006 on the Bank of America/Citi account.

10.    Another issue pertains to unpaid medical expenses. The Court finds the Respondent has been on notice of the amount and the reason for the expenditures for medical, dental, and optical expenses for the parties' son, Cody. Respondent did not deny he had been given notice of the amount and the services provided. Respondent claimed he does not have the ability to pay and admitted he had not paid them after demand had been made. The Court finds Respondent has not paid the amounts so due, is capable of paying such amount, and is in contempt with that part of the Court's Judgment.

11. In the Judgment and Decree of Dissolution of Marriage Petitioner was awarded certain personal property, particularly a Honda 4-Wheeler and a camcorder. Since the Judgment of December 2005, the Respondent has not made available both items of property to the Petitioner. Respondent does not deny that he has not made the property available to Petitioner and still has both items in his possession. Respondent states his reason for not delivering the items to the Petitioner was that an Order of Protection had been entered against him not to enter onto her property. Respondent's reason is not meritorious. The Court will not expend time and space to list the many ways that this transfer of property could have been accomplished in a timely fashion and, indeed, within a seven (7) months time period.

12. That Respondent has refused to pay Petitioner the remaining monies due under the Judgment and Decree of Dissolution of Marriage.

13. The Court finds that Respondent did not deny that the Judgment and Decree of Dissolution of Marriage had not been complied with and that he was aware of the Judgment.

14. The Court finds that although Respondent claims he is unable to pay the Judgment, Respondent is able to pay the monies he owes to Petitioner, but has refused to do so.

15. The Court finds that Respondent was earning $60,000.00 from his employer MPI, Inc. at the time of the entry of the Judgment and Decree of Dissolution of Marriage.

16. The Court finds that Respondent had received an increase in salary from his employer in the amount of $15,000.00 and now earns $75,000.00 per year.

17. Petitioner's Exhibit 16 from Respondent's employer indicates that Respondent received or is eligible to receive a bonus of $68,838.34 on MPI, Inc. profits for 2005. The Court notes that this bonus money was not listed on the assets of Respondent was to receive in the Judgment dated December 2, 2005. Petitioner's Exhibit 16 also makes reference to a "loan" of $34,028 taken by Respondent against this bonus. However, the Court finds that there was no debt listed to MPI, Inc., on the Judgment. The Court therefore concludes that this debt did not exist at the time of the date of trial on November 21,

3

2005. The Court concludes that, regardless of the explanation offered by Respondent, Respondent received $68,838 sometime after the date of the trial on November 21, 2005. Assuming Respondent to be in the 22 to 23% tax bracket, this would produce taxes due of $15,832, thereby leaving at least $53,000 in proceeds with which Respondent could have paid Petitioner the amount owed. Respondent offered no credible explanation as to what he has done with the loan of $34,028, except to say that he paid Petitioner $15,000 and paid his attorney fees. Even assuming Respondent expended $34,028 on reasonable expenses, there would still remain another $34,810 with which he could have paid Petitioner the balance due her per the terms of the Judgment.

18. Other factors that cause this Court to believe the Respondent does have the ability to pay the Judgment:

    a.  Respondent testified that he received a gift from his parents of a $6,000.00 motorcycle. Although no clarifying details were given, the Court is of the opinion that if Respondent's parents have enough money to gift him a $6,000.00 item that quickly depreciates $1,000.00, because he sold the motorcycle to his female companion for $4,000.00, that the Respondent has the ability to borrow funds from his parents who have the ability to buy such a gift for their son. Adding the $4,000.00 to the $68,838.34 bonus money he received also means that Respondent received $72,838.34 sometime after the date of trial.

    b.  Respondent is still titleholder to two (2) vehicle titles that were awarded to him in the Judgment and each vehicle has a substantial loan that is in excess of the fair market value. Respondent testified that he pays $1,300.00 per month in car payments. In reviewing Petitioner's Exhibit 16, the reality of that statement would be that one-half (1/2) of Respondent's net income goes toward the car payments. Evidence was presented that Respondent has the use of a company vehicle and indeed has utilized that vehicle to take out of town trips and he stated that he reimburses the company for that

usage. Since the Respondent can only drive one vehicle at a time, the Court does not

find that it is necessary for Respondent to have the use of a company vehicle and two (2)

other vehicles for which he is paying $1,300.00 per month.

    c.  The Court concludes these are luxuries that the Respondent can ill-afford to maintain

      when a money judgment against him goes unpaid.

    19. Certain patters of conduct almost universally appear when assets are being concealed to

avoid attachment or garnishment. Such conduct includes the titling of assets in the names of relatives or

friends as the Respondent has done in this case with his motorcycle (selling that to a female companion.)

Respondent offered no details about his monthly expenses or how much of those he shared with his

living companion, Sherry Baker. Respondent's travels were mysteriously paid by someone other than

Respondent and the Court is without information as to who would pay for trips out of state to NASCAR

events. Again, accepting the fact that the trips were gifts to Respondent, the Court determines

Respondent does have access to individuals who are willing to be generous with their money and if they

would be willing to give away such items of expense to Respondent for his enjoyment, the Court would

speculate those acquaintances could assist him in paying off the Court's Judgment.

    20. The Court concludes the Respondent gave no credible reason as to why he has not utilized

the funds at his disposal or availed himself of those that are willing to gift thousands of dollars so as to

pay this money Judgment. Further the Court has considered the monies that are available to him through

his employment on a regular basis and that the bonuses that are due to him are sufficient to pay the

money Judgment. The Court finds that Respondent is in contempt of the Court's Order and does have

the ability to pay the Judgment as the Court entered, but had failed to do so.

    21. The Court finds the Petitioner's Motion for Contempt has been established by appropriate

proof and that the Respondent is in Contempt of the Court's Judgment and Decree of Dissolution of

Marriage with regard to the delivery of the camcorder and Honda ATV.

22. The Court finds the Respondent's actions in failing to pay Petitioner the Judgment, the health expenses, the interest charges and to deliver the camcorder and Honda ATV are willful and deliberate and contumacious in that he was ordered to pay these items and deliver said property, but refused and failed to do so.

## RECOMMENDATIONS

Based upon the findings set forth above, the Court recommends that Judgment be entered as set forth below.

## JUDGMENT

(A)    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Respondent is in contempt of the Judgment and Decree of Dissolution of Marriage; and that Petitioner shall have Judgment against Respondent for the remaining money Judgment totaling $21,456.65 plus $925.08 for the amount of the credit card charges as reflected on Petitioner's Exhibit 4 for a total of $22,381.73.

(B)    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Petitioner shall have judgment against Respondent for $596.45 the amount of the medical, dental and optical expenses reflected on Petitioner's Exhibit 3 and that Respondent is in contempt of the Judgment and Decree of Dissolution of Marriage for refusing to pay such items.

(C)    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Respondent is in contempt of this Court's Judgment and Decree of Dissolution of Marriage in that he did not transfer the property awarded to Petitioner, specifically the Honda 4-Wheeler and a camcorder. Therefore, the Court enters Judgment in the amount of $3,300.00 against Respondent for failing to timely deliver the property the Court awarded to the Petitioner. Judgment may execute immediately upon entry of the Judgment for Contempt.

(D)    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Petitioner is awarded her attorney fees and the Court enters Judgment in favor of Petitioner and against Respondent in the amount of $3,008.75. The attorney fee Judgment shall not be part of the Purge Order.

(E)     Respondent has fifteen (15) days from date of entry of this Judgment of Contempt to purge himself of the Contempt by paying to Petitioner the amount of $26,278.18 representing the amounts set forth in paragraph (A), (B), and (C) above. If Respondent does not purge himself of the contempt within fifteen (15) days, a Warrant and Order of Commitment shall issue.

The Court shall retain jurisdiction until the contempt has been purged.

**IT IS SO ORDERED.**

_____21 Aug 06_____
DATE

_____Winston Davis_____
FAMILY COURT COMMISSIONER

## NOTICE

You are hereby notified: (1) of the Findings and Recommendations of the Family Court Commissioner as set forth above; (2) this matter, including all papers relative to these proceedings, together with the written Findings and Recommendations, are transmitted to the Family Court Judge; (3) you are entitled to file a Motion for Rehearing by a Judge of the Court within fifteen days after the mailing of the notice of the entry of the Judgment.

## JUDGMENT

The above Findings and Recommendations are hereby adopted as transmitted and entered as the final Judgment of the Court.

_____Calvin R Hall_____
FAMILY COURT JUDGE

DATE: _____8/22/06_____

## CERTIFICATE OF MAILING

I hereby certify that a copy of the Findings and Recommendations for Judgment of Dissolution and Notice of Rehearing was mailed postage prepaid this _____ day of _____, 2006, to the following parties:

Petitioner's attorney, John S. Pratt
Respondent's attorney, Steve Meier

_____
Clerk

7

09 CVD 02965

FILED

STATE OF NORTH CAROLINA                IN THE GENERAL COURT OF JUSTICE
2009 MAR 23 PM 4: SUPERIOR COURT DIVISION
DURHAM COUNTY                                    FILE NO. 09 CVS _____
DURHAM COUNTY C.S.C.

JERRI N. PATRICK,            BY_____ I.A.D.
                                                    )
            Plaintiff,                              )
                                                    )    **AFFIDAVIT OF FOREIGN JUDGMENTS**
vs.                                                 )
                                                    )
JOHN M. PATRICK,                                    )
                                                    )
            Defendant.                              )

NOW COMES the affiant, Jerri N. Patrick, and after being duly sworn states the following:

1.    My name is Jerri N. Patrick and I am over eighteen years of age, and am fully competent to make this Affidavit.

2.    I am the judgment creditor and Plaintiff in the above-captioned civil action.

3.    There are final Judgments in my favor that is wholly unsatisfied in the Circuit Court of Greene County, Missouri and the Judgment is as follows:

            Principal amount of Judgment: $ 26,278.18
            Attorneys' Fees:                     $   9,197.74

4.    The above listed judgments remains wholly unsatisfied.

5.    Further, the deponent sayeth not.

This the 12 day of March, 2009.

                                        _Jerri N Patrick_
                                        Affiant

I certify that the following person(s) personally appeared before me this day, and I have seen satisfactory evidence of the affiant's identity, by a current state or federal identification

1

with the affiant's photograph; the affiant acknowledging to me that he/she voluntarily signed the foregoing document for the purpose stated therein and that his/her name is _Jerri N. Patrick_.

Date: _3/12/2009_

_Dorothy A. Dale_                    (Official Seal)
(Official Signature of Notary)

_Dorothy A. Dale_
(Notary's printed or typed name), Notary Public

My commission expires:
_May 5, 2009_

DOROTHY A. DALE
Notary Public - Notary Seal
STATE OF MISSOURI
Greene County — Comm.#05520350
My Commission Expires May 5, 2009

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

IN RE: JOHN MICHAEL PATRICK                CASE NO. 09-03107-8-ATS
      DEBTOR                                      CHAPTER 13

### NOTICE OF OBJECTION TO CLAIM

    NOTICE IS HEREBY GIVEN to the creditor/claimant named above that if no response to the Objection to Amount of Claim is filed in writing with the CLERK, U.S. BANKRUPTCY COURT, PO Box 1441, RALEIGH, NC 27602-1441, within thirty-five (35) days of the date of this objection and notice, the relief requested by the debtor herein maybe granted without hearing or further notice. Any party desiring a hearing must request a hearing in writing with the above clerk within the time herein set forth; otherwise no hearing will be conducted unless the Court, in its discretion, directs that a hearing be set. If a hearing is requested, such hearing will be conducted at a date, time, and place to be later fixed by the Court and the parties requesting such a hearing will be notified accordingly. Any party filing a response and requesting a hearing shall attend the hearing or costs may be assessed against him.

Dated: 5/27/09

/s/ Travis Sasser
Travis Sasser
Attorney for debtor
State Bar No. 26707
875 Walnut Street, Suite 342
Cary, North Carolina 27511
Tel: 919.319.7400
Fax: 919.657.7400
tsasser@carybankruptcy.com

## CERTIFICATE OF SERVICE

I, Travis Sasser of Cary, NC, certify:

That I am, and at all times hereinafter mentioned, was, more than eighteen (18) years of age;

That on the date stated, I served copies of the Objection to Claim, postage prepaid, enclosed in an envelope which was properly addressed to the persons and entities listed below:

Chapter 13 Trustee
*Served Electronically*

Jerri N. Patrick
PO Box 40
Marionville, MO 65705

Jeffrey M. Davis, Esq.
PO Box 20570
Greensboro, NC 27420

John Patrick
8178 NC Highway 751
Durham, NC 27713-6856

I certify under penalty of perjury that the foregoing is true and correct.

Dated: 5/27/09                          /s/ Travis Sasser
                                        Travis Sasser
                                        Attorney for debtor
                                        State Bar No. 26707
                                        875 Walnut Street, Suite 342
                                        Cary, North Carolina 27511
                                        Tel: 919.319.7400
                                        Fax: 919.657.7400
                                        tsasser@carybankruptcy.com



**SO ORDERED.**

**SIGNED this 09 day of July, 2009.**

A. Thomas Small
**United States Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

IN RE: JOHN MICHAEL PATRICK      CASE NO. 09-03107-8-ATS
       DEBTOR                               CHAPTER 13

### ORDER ALLOWING DEBTOR'S OBJECTION TO CLAIM

Upon the Objection to Claim of the debtor and there having been no responsive filing or objection within the time required, the Court finds that the claim of Jerri N. Patrick should be reclassified as a general unsecured claim.

ORDER the said claim of Jerri N. Patrick, filed herein in the amount of $35,475.92 be, and hereby is reclassified as a general unsecured claim and allowed at said amount.

End of Document



EXHIBIT
C
Blumberg No. 5119

*copy to client*
*John Patrick*

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI
FAMILY COURT DIVISION

JERRI N. PATRICK,                    )
                                     )
            Petitioner,              )
                                     )
vs.                                  )    Case Number 31104DR5640-01
                                     )
JOHN M. PATRICK,                     )
                                     )
            Respondent.              )

## APPLICATION FOR CONTEMPT CITATION AND ORDER TO SHOW CAUSE

Comes now Petitioner Jerri N. Patrick, by and through her attorney of record, Jason W. Johnson, and for her Application for Contempt Citation and Order to Show Cause states and avers as follows:

1.     That on about December 2, 2005 this Court filed its Judgment And Decree of Dissolution of Marriage. A copy of that has been attached hereto and incorporated herein by reference.

2.     That on page four of the Judgment and Decree of Dissolution of Marriage, the Court ordered that Petitioner shall have judgment against Respondent in the amount of $9,000.00. The Court further ordered that Respondent shall pay Petitioner said sum within sixty (60) days of entry of the Judgment.

3.     That on page four of the Judgment and Decree of Dissolution of Marriage, the Court also awarded Petitioner judgment against Respondent in the amount of $27,456.65, plus any additional interest charges made by the credit card and finance companies and attorney fees as assessed by the credit companies or their assignees with regard to the MBNA Account Number 5329-0525-2200-7081, the BankOne VISA Account Number 4417-1686-5244-5788 and



EXHIBIT
D

the Bank of America VISA Account Number 4319-0400-0796-0028. The Court ordered Respondent to pay Petitioner said funds within sixty (60) days of the entry of Judgment.

4.     That Petitioner has never been paid the funds due her from Respondent pursuant to the Judgment and Decree of Dissolution of Marriage.

5.     That by failing to pay Petitioner the sums owed to her, Respondent has violated the Judgment and Decree of Dissolution of Marriage, and is therefore in contempt.

WHEREFORE, for the above-stated reasons, Petitioner respectfully prays the Court enter a Show Cause Order requiring Respondent to appear and show cause why he should not be held in contempt of the orders of this Court, order Respondent to pay the sum of $36,456.65, and for attorneys fees and costs related to prosecution of this matter, and for any other and such further relief the Court deems just and proper.

/s/ Jason W. Johnson
Jason W. Johnson
Missouri Bar No. 44136

TWIBELL, JOHNSON, JOHNSON & TWIBELL
JASON W. JOHNSON
901 St. Louis Street, Suite 601
Springfield, MO 65806
Email: Showmelaw@aol.com
Telephone: (417) 862-1741
Facsimile: (417) 862-4044
*Attorney for Petitioner*

## VERIFICATION

STATE OF MISSOURI  )
        ) ss.
COUNTY OF *Greene* )

  Jerri N. Brake, being of lawful age and being first duly sworn upon her oath, states and affirms that she is the Petitioner in the above and foregoing Application for Contempt Citation and Order to Show Cause, that she has read the foregoing Application for Contempt Citation and Order to Show Cause, and that the facts contained therein are true and correct according to her best knowledge, information and belief.

_____
Jerri N. Patrick

Subscribed and sworn to before me this 10th day of April, 2014.

_____
Notary Public

My commission expires:

ANGELA D. SPIRK
Notary Public – Notary Seal
STATE OF MISSOURI
Greene County
My Commission Expires Feb. 27, 2018
Commission #14938796

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

JOHN MICHAEL PATRICK,                     CASE NO. 09-03107-8-____
                                          CHAPTER 13

      DEBTOR

### NOTICE OF DEBTOR'S MOTION FOR SANCTIONS

    **TAKE NOTICE** that the DEBTOR'S MOTION FOR SANCTIONS, a copy of which is attached hereto, has been filed against you in the above stated Court.

    **TAKE NOTICE FURTHER** that pursuant to the Local Rules of the United States Bankruptcy Court for the Eastern District of North Carolina, you have fourteen (14) days from the date of this Notice of Motion to file a responsive pleading to the attached Motion.  You must file your response with the Clerk, United States Bankruptcy Court, Post Office Box 791, Raleigh, NC 27602, with a copy to the undersigned.  Any such responsive pleading must contain a request for a hearing if, indeed, you wish to be heard by the Court.  Unless a hearing is specifically requested in a responsive pleading, the attached Motion may be determined and final Orders entered by the Court without a hearing.

    Dated: May 1, 2014.

/s/Travis Sasser
Travis Sasser, N.C. Bar No. 26707
Attorney for Debtor
2000 Regency Parkway, Suite 230
Cary, N.C. 27518
Tel: 919.319.7400
Fax: 919.657.7400
tsasser@carybankruptcy.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion was served on the entities listed below at their last known address with sufficient postage thereon, or, if such interested party is an electronic filing user, by serving such interested party, electronic transmission, pursuant to Local Rule 5005-4(9)(b).

Trustee
*Served Electronically*

Jerri N. Patrick
4791 W. University St .
Springfield, MO 65802

Jerri N. Patrick
c/o Jason W. Johnson, Esq.
TWIBELL, JOHNSON, JOHNSON, & TWIBELL
901 St. Louis Street, Suite 601
Springfield, MO 65806

John Patrick
2412 Hidden Meadow Dr .
Fuquay Varina, NC 27526

I certify under penalty of perjury that the foregoing is true and correct.

Dated: May 1, 2014.

/s/Travis Sasser
Travis Sasser, N.C. Bar No. 26707
Attorney for Debtor
2000 Regency Parkway, Suite 230
Cary, N.C. 27518
Tel: 919.319.7400
Fax: 919.657.7400
tsasser@carybankruptcy.com